JULIUS STEINBERG, Respondent, v. NEW YORK LIFE INSURANCE COMPANY, Appellant.— The defendant issued to the plaintiff in December, 1928, four policies of life insurance, each of which contained a provision for the payment of a monthly allowance to the plaintiff in the case of permanent total disability, as well as the waiver of premiums. Subsequent to the date of the policies, the plaintiff became totally disabled, and the defendant made monthly payments to the plaintiff after June, 1931, aggregating $2,000, on the assumption that the plaintiff was permanently and totally disabled by pulmonary tuberculosis. Thereupon the defendant stopped payments, claiming that the plaintiff was suffering from tuberculosis at the time the policies were issued, and had consulted a physician within five years before that date, and that the issue of the policies was procured by the misrepresentations of the plaintiff. Thereupon the plaintiff brought action to recover the monthly payments that were due. The defendant interposed an answer setting up the defense of misrepresentation, and the fraudulent procurement of the policies,

in that the plaintiff had falsely stated in his application for insurance that he was not suffering from tuberculosis at the time of applying for the insurance, and had not consulted a physician within five years prior to the date of issue in 1928, and asked judgment of rescission and for the repayment of the payments made. To meet the issue thus raised the plaintiff offered proof that he had not consulted a physician within five years before the issue of the policies, and that at the time of the issue of the policies or at any time prior thereto, he was not suffering and had not suffered from tuberculosis. The plaintiff put in evidence the opinion of four doctors who had observed him, and some of whom had examined him fluoroscopically, and the opinion of all of these doctors was that the plaintiff was not suffering from tuberculosis at the time that the policies were issued or any time before that. The doctor of the defendant examined the plaintiff at length and fluoroscopically, within a few days prior to the issue of the policies; this doctor was not sworn, nor were his findings offered in evidence. The trial court submitted to the jury two questions, viz., whether prior to December, 1928, the plaintiff had consulted a physician for any disease of the lungs, or whether the plaintiff had suffered from any disease of the lungs, and both of these questions were answered in the negative, and the court so found. There was a question of fact for the trial court. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.